```
              UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                    WESTERN DIVISION
```

```
TIFFANY WALKER, GUARDIAN OF TEYVAIN
COX, A MINOR, FEMEKA SINGLETON, AS
GUARDIAN OF ORALNISHA LA'SHAE HUFF
AND MARYONNA KEY'SHAWNTA HUFF, MINORS,
CHERYL WOODS, GUARDIAN OF ORIS LEE
HUFF, JR., and CHRISTINA MARIE DEMOUCHET,
AS TUTRIX OF TERRY TERRELL IVERY DEMOUCHET        PLAINTIFFS


VERSUS                              CIVIL ACTION NO. 5:06cv30-DCB-JMR


SMITTY'S SUPPLY, INC., A FOREIGN
CORPORATION, and CLIFTON L. BONDS                 DEFENDANTS
```

**ORDER**

This matter comes before the Court on its own motion pursuant to Federal Rule of Civil Procedure 21.  Having considered the circumstances of this case in light of applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On January 17, 2006, plaintiff Tiffany Walker, Guardian of minor Teyvain Cox, filed a complaint in the Circuit Court of Wilkinson County, Mississippi, against defendant Smitty's Supply, Inc. ("Smitty's").  In the complaint, the plaintiff seeks to recover wrongful death benefits arising in favor of Teyvain Cox from the death of his father Terry Cox.  Mr. Cox was killed on December 19, 2005, while riding as a passenger in a vehicle driven by Oris Lee Huff.  The vehicle Mr. Huff was driving was allegedly struck by an eighteen wheel vehicle being driven by an employee of

Smitty's who was acting in the course and scope of his employment.

On March 7, 2006, Smitty's filed its Notice of Removal of the case to this Court from the Circuit Court of Wilkinson County, Mississippi, properly invoking this Court's diversity of citizenship removal jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Walker is regarded as a citizen of Mississippi pursuant to 28 U.S.C. § 1332(c)(2), due to the fact that Teyvain Cox is an infant citizen of Mississippi.  Smitty's is considered a citizen of Louisiana, inasmuch as Louisiana is the location of its principal place of business and the state of its incorporation. The requisite amount in controversy established by § 1332 is satisfied, given that the plaintiff demanded not less than $2,000,000.00 in damages from Smitty's in the complaint.

On December 22, 2006, the plaintiff amended her complaint to add Femeka Singleton, Guardian of minors Oralnisha La'Shae Huff and Maryonna Key'Shawnta Huff, and Cheryl Woods, Guardian of minor Oris Lee Huff, Jr., as plaintiffs.  These three minors are citizens of Mississippi, and their respective guardians are consequently deemed citizens of Mississippi for diversity purposes.  Singleton and Woods also bring wrongful death claims on behalf of the infants they represent, inasmuch as the infants' father, Oris Lee Huff, died on January 5, 2006, from injuries he allegedly suffered in the December 19, 2005 accident.

On April 3, 2007, the plaintiffs amended their complaint to

add Christina Marie Demouchet, tutrix of minor Terry Terrell Ivery Demouchet.[1] Christina Marie Demouchet seeks to recover wrongful death benefits on behalf of Terry Terrell Ivery Demouchet for the death of his father Terry Cox occasioned by the December 19, 2005 accident. Ms. Demouchet is regarded as a citizen of Louisiana inasmuch as the minor whom she represents is a citizen of Louisiana.[2]

On May 4, 2007, the plaintiffs filed a Motion to Remand [docket entry no. 54], asserting therein that the Court lacks subject matter jurisdiction over the case due to the joinder of Christina Marie Demouchet. Complete diversity between all plaintiffs and all defendants is said to be lacking, inasmuch as Demouchet's state of citizenship is, like Smitty's (and now Bonds), Louisiana. Smitty's opposed the Motion to Remand on several grounds in its Response [docket entry no. 62]. However, on June 22, 2007, the plaintiffs filed a Motion to Withdraw their Motion to Remand [docket entry no. 74], conceding therein that the Court has jurisdiction over the action. On August 13, 2007, the Court issued an Order [docket entry no. 75] granting the plaintiffs' Motion to

---

[1] On March 7, 2007, the Chancery Court of Wilkinson County, Mississippi had adjudicated Terry Cox to be the natural father of Terry Terrell Ivery Demouchet.

[2] On October 24, 2007, the plaintiffs amended their complaint yet again to include Clifton L. Bonds, a citizen of Louisiana, as a defendant in this action. Bonds was allegedly the employee of Smitty's who was driving the eighteen wheeler which collided with the vehicle in which Huff and Cox were riding on December 19, 2005.

Withdraw Motion to Remand and finding as moot the plaintiffs' Motion to Remand.  In its Order, the Court stated without elaboration that "Federal Jurisdiction is proper in this matter." (8/13/07 Order 1.)

Clearly the Court's earlier statement regarding its subject matter jurisdiction over the action was incomplete.  At present, the complete diversity required by § 1332, <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806), between all plaintiffs and all defendants is lacking due to the addition of nondiverse Christina Marie Demouchet as plaintiff.

Federal Rule of Civil Procedure 21 provides as follows: "Misjoinder of parties is not a ground for dismissing an action.  On motion or its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  "More specifically, 'Rule 21 invests district courts with authority to allow a <u>dispensible</u> nondiverse party to be dropped at any time, even after judgment has been rendered.'"  <u>Golden v. Omni Energy Servs. Corp.</u>, 242 Fed. Appx. 965, 968 (5th Cir. 2007) (quoting <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 572, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004)).

Therefore, if Christina Marie Demouchet (representing the interests of Terry Terrell Ivery Demouchet) is not indispensable to this proceeding, then the Court may drop her from the case and permit the action to proceed inasmuch as the Court will have

4

subject matter jurisdiction. Otherwise, the Court must dismiss the case for want of complete diversity.

The United States Court of Appeals for the Fifth Circuit directs that the factors enumerated in Federal Rule of Civil Procedure 19(b) determine whether a party should be regarded as indispensable to a lawsuit. <u>Ralli-Coney, Inc. v. Gates</u>, 528 F.2d 572, 575 (5th Cir. 1976). The current version of Rule 19(b) reads as follows, in pertinent part:

> The factors for the court to consider include:
>
> > (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> > (2) the extent to which any prejudice could be lessened or avoided by:
> > > (A) protective provisions in the judgment;
> > > (B) shaping the relief; or
> > > (C) other measures;
> > (3) whether a judgment rendered in the person's absence would be adequate; and
> > (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

As to the first factor, the Court is of the opinion that a judgment rendered in Ms. Demouchet's absence would not prejudice the interests of the minor she represents. Under Mississippi's wrongful death statute, Miss. Code Ann, § 11-7-13 (Rev. 2002), wrongful death litigation may be brought by one or more statutory beneficiaries for the benefit of all who are entitled to recover.

Long v. McKinney, 897 So. 2d 160, 175 (Miss. 2004). According to the Supreme Court of Mississippi, wrongful death beneficiaries who sue to recover wrongful death damages have a fiduciary obligation to other beneficiaries who are not joined in the lawsuit, id., and "the interests of claimants not joining in shall be represented by counsel for the claimant filing the suit." Id. at 174. Because Demouchet's interests will be represented by Tiffany Walker[3] and her counsel, the Court cannot say that Demouchet's absence from the case will work any prejudice upon the interests of the minor whom she represents. Likewise, the Court is unaware of any prejudice which would accrue to the other plaintiffs in the case if Demouchet is no longer a party in this action.

Second, the Court believes that any prejudice to Demouchet can be avoided by protective provisions in the judgment. Of course, as already stated, the Court does not believe that any danger of prejudice to Demouchet exists in this case because her interests are aligned with and will be represented by Walker and her counsel.

Third, the Court is confident that a judgment rendered in Ms. Demouchet's absence will be adequate, inasmuch as the adjudication of Walker's wrongful death claim will fully determine the merits of Demouchet's claim.

Last, while the plaintiffs would certainly have adequate

---

[3] Tiffany Walker is the guardian for Teyvain Cox, the other statutory wrongful death beneficiary of Terry Cox.

remedies in state court should this case be dismissed, "the interest of judicial efficiency and an expeditious resolution of this dispute seem to carry the day in the absence of any significant prejudice to the rights of [Demouchet]." Ralli-Coney, 528 F.2d at 575-76.

For these reasons, the Court concludes that Demouchet is not an indispensable party to this case and should be dismissed pursuant to Federal Rule of Civil Procedure 21 so as to preserve this Court's diversity of citizenship subject matter jurisdiction. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Christina Marie Demouchet, tutrix of minor Terry Terrell Ivery Demouchet, is hereby dismissed from this case.

Due to the unusual nature of this Order, the parties are welcomed to submit a motion for reconsideration within the prescribed time period should they think the Court's decision unwarranted.

**SO ORDERED**, this the ___23rd___ day of April 2008.


       ___s/ David Bramlette___
       **UNITED STATES DISTRICT JUDGE**