```
            UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                   WESTERN DIVISION
```

TIFFANY WALKER, GUARDIAN OF TEYVAIN
COX, A MINOR, FEMEKA SINGLETON, AS
GUARDIAN OF ORALNISHA LA'SHAE HUFF
AND MARYONNA KEY'SHAWNTA HUFF, MINORS,
CHERYL WOODS, GUARDIAN OF ORIS LEE
HUFF, JR.                                              PLAINTIFFS


VERSUS                            CIVIL ACTION NO. 5:06cv30-DCB-JMR


SMITTY'S SUPPLY, INC., A FOREIGN
CORPORATION, and CLIFTON L. BONDS                      DEFENDANTS


## OPINION & ORDER

This matter comes before the Court on the defendants' Motion for Summary Judgment [**docket entry no. 106**].  Having carefully considered said Motion, memoranda in support and opposition thereof, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. BACKGROUND & PROCEDURAL HISTORY

On December 19, 2005, Oris Huff was driving a vehicle in the northbound lane of Mississippi State Highway 33, a two-lane road. Terry Cox was a passenger in Huff's vehicle. Clifton L. Bonds, an employee of Smitty's Supply, Inc. ("Smitty's"), was driving a vehicle owned by Smitty's in a westwardly direction in the right lane of U.S. Highway 84, a four-lane highway. At the intersection of Mississippi State Highway 33 and U.S. Highway 84 in Franklin

County, Mississippi, vehicles traveling on U.S. Highway 84 have the right of way; the flow of traffic for vehicles on Mississippi State Highway 33 seeking to traverse U.S. Highway 84 is controlled by stop signs.

As Bonds entered the intersection of U.S. Highway 84 and Mississippi State Highway 33, the vehicle he was operating collided with the vehicle Huff was driving across the two westbound lanes of U.S. Highway 84.  Terry Cox died in the accident, and Oris Huff sustained injuries from which he later died on January 5, 2006.

On January 17, 2006, plaintiff Tiffany Walker, Guardian of minor Teyvain Cox, filed a complaint in the Circuit Court of Wilkinson County, Mississippi, against Smitty's.  In the complaint, Walker seeks to recover wrongful death benefits arising in favor of Teyvain Cox from the death of his father Terry Cox.   On March 7, 2006, Smitty's filed its Notice of Removal of the case to this Court from the Circuit Court of Wilkinson County, Mississippi, properly invoking this Court's diversity of citizenship removal jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[1]  On December 22, 2006, Walker amended her complaint to add Femeka

---

[1] Walker is regarded as a citizen of Mississippi pursuant to 28 U.S.C. § 1332(c)(2), due to the fact that Teyvain Cox is an infant citizen of Mississippi. Smitty's is considered a citizen of Louisiana, inasmuch as Louisiana is the location of its principal place of business and the state of its incorporation.  The requisite amount in controversy established by § 1332 is satisfied, given that Walker demanded not less than $2,000,000.00 in damages from Smitty's in the original complaint.

Singleton, Guardian of minors Oralnisha La'Shae Huff and Maryonna Key'Shawnta Huff, and Cheryl Woods, Guardian of minor Oris Lee Huff, Jr., as plaintiffs.[2] Singleton and Woods also bring wrongful death claims on behalf of these infants whose father was Oris Huff.[3] On October 24, 2007, the plaintiffs amended their complaint to include Bonds, a citizen of Louisiana, as a defendant in this action.

On February 7, 2008, the defendants filed their Motion for Summary Judgment [docket entry no. 106]. The plaintiffs responded to the defendants' Motion on March 5, 2008, and the defendants replied to the plaintiffs' Response on March 13, 2008. The defendants' Motion is now before the Court.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

---

[2] These three minors are citizens of Mississippi and their respective guardians are consequently deemed citizens of Mississippi for diversity purposes.

[3] On April 3, 2007, the plaintiffs amended their complaint to add Christina Marie Demouchet, tutrix of minor Terry Terrell Ivery Demouchet. Christina Marie Demouchet sought to recover wrongful death benefits on behalf of Terry Terrell Ivery Demouchet for the loss of his father Terry Cox. Ms. Demouchet was regarded as a citizen of Louisiana inasmuch as the minor whom she represented was a citizen of Louisiana. However, this Court dismissed Christina Marie Demouchet from this action by its Order [docket entry no. 127] of April 24, 2008, pursuant to Federal Rule of Civil Procedure 21 because it found she was a dispensable, nondiverse party whose continued presence in the case would have deprived the Court of subject matter jurisdiction.

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).[4] The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). But the nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Moreover, "[t]he mere existence of a scintilla of

---

[4] "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate Partnership v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (internal citations omitted).

evidence" is insufficient to defeat a properly supported motion for summary judgment. Anderson, 477 U.S. at 252, 106 S. Ct. at 2512. The nonmovant must instead come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is properly rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552.

### III. ANALYSIS

*A. Applicable Law*

As is the situation in this case, a federal court sitting in diversity must apply state substantive law. Times-Picayune Pub. Corp. v. Zurich Am. Ins. Co., 421 F.3d 328, 334 (5th Cir. 2005) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)). The parties apparently agree that the substantive law of Mississippi controls the issues before the Court.

*B. The Parties' Arguments*

The defendants assert that the plaintiffs' claims fail as a matter of law because Bonds had no duty to avoid hitting Huff's vehicle when it suddenly pulled out in front of him, there is no proof that Bonds acted contrary to a motor vehicle driver's duty of reasonable care, and there is no evidence that Bonds's actions were

the proximate cause of the accident. (Defs.' Mem. 5-11.)

Smitty's also argues that the plaintiffs' negligent entrustment claim should be dismissed because it has already admitted vicarious liability for Bonds's acts or omissions. (Defs.' Mem. 11-15.) Alternatively, Smitty's posits that it is entitled to summary judgment on the negligent entrustment claim because the plaintiffs have failed to produce any evidence that it knew or should have known that Bonds would have driven the vehicle in a manner involving an unreasonable risk of harm. (Defs.' Mem. 15-16.)

Lastly, the defendants argue that the plaintiffs' claims for punitive damages fail as a matter of law because neither the plaintiffs' allegations nor any of the evidence in the record is indicative of egregious, malicious, or wanton conduct which would provide a basis for a punitive damages award. (Defs.' Mem. 16-20.)

In response, the plaintiffs do not address the defendants' contentions as to the negligent entrustment and punitive damages claims; rather, the plaintiffs assert that genuine issues of material fact exist regarding how the accident occurred which preclude the entry of summary judgment for the defendants. More specifically, the plaintiffs argue that inasmuch as the posted speed limit for U.S. Highway 84 was 65 miles per hour and the Uniform Crash Report completed by Officer James Sizemore of the Mississippi Highway Patrol estimated the speed of Bonds's vehicle

at 65 miles per hour, Bonds violated Mississippi Code Annotated § 63-3-505 because he did not slow down as he approached the intersection; therefore, the plaintiffs can proceed to trial under a negligence per se theory of liability.[5]  (Pls.' Mem. 6-8.)

In their reply, the defendants first assert that they are entitled to summary judgment on the negligent entrustment and punitive damages claims inasmuch as the plaintiffs did not respond to the defendants' arguments urging that they be granted summary judgment on said claims.  Second, the defendants counter the plaintiffs argument regarding Bonds's purported failure to slow down at the intersection by pointing to Bonds's deposition testimony that he slowed down to between 55 and 60 miles per hour before he reached the intersection.  Third, the defendants assert that even if Bonds's alleged failure to slow down as he approached the intersection qualifies as negligence per se, the plaintiffs must use expert testimony to establish proximate causation because the ability of a vehicle to stop while going a particular speed is beyond the knowledge of an average juror.  Therefore, because the plaintiffs have no expert who will testify that Bonds's failure to

---

[5] The plaintiffs also cite several Mississippi cases in their Response which support the notions that a commercial driver must "reduce his speed when confronted with a special hazard" and a commercial driver has a duty "to keep a careful lookout for dangerous conditions ahead and to take effective evasive and precautionary action in order to avoid the collision." (Pls.' Mem. 5.)  However, inasmuch as the plaintiffs do not demonstrate how the case law they cite is analogous to the matter sub judice, the Court does not find these statements of law particularly helpful.

slow at the intersection proximately caused the accident, summary judgment should be rendered in the defendants' favor.

### C. Application of Law to Facts

1. Negligence Per Se Claim

"'To prevail in an action for negligence per se, a party must prove that he was a member of the class sought to be protected under the statute, that his injuries were of a type sought to be avoided, and that violation of the statute proximately caused his injuries.'" Laurel Yamaha, Inc. v. Freeman, 956 So. 2d 897, 905 (Miss. 2007) (quoting Gallagher Bassett Servs. v. Jeffcoat, 887 So. 2d 777, 787 (Miss. 2004)).  Mississippi Code Annotated § 63-3-505 provides as follows, in relevant portion:

> The driver or operator of any motor vehicle must decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic.

The Court is satisfied that the plaintiff has shown that Huff and Cox as the driver and passenger of a vehicle on the public roads of Mississippi were members of a class the above statute aims to protect and that the injuries which they experienced were of the type § 63-3-505 seeks to avoid.

The Court is also of the opinion that admissible evidence in the record presents a genuine issue of material fact as to whether Bonds slowed down as he approached and crossed the intersection of

U.S. Highway 84 and Mississippi State Highway 33 and thus violated the duty created by § 63-3-505.[6]

Whether the plaintiff has borne its burden of going forward on the element of proximate causation is a much closer question. "The proximate cause is the 'cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury and without which the result would not have occurred.'" Forbes v. Gen. Motors Corp., 935 So. 2d 869, 880 (Miss. 2006) (quoting Delahoussaye v. Mary Mahoney's, Inc., 783 So. 2d 666, 671 (Miss. 2001)). Whether the breach of a duty proximately caused a person's injuries is ordinarily a jury question. Illinois Cent. Gulf R.R. Co. v. Milward, 902 So. 2d 575, 582 (Miss. 2005).

The defendants maintain that expert testimony is required in this case in order for the plaintiffs to prove that Bonds's purported failure to reduce his speed as he approached the intersection was the proximate cause of the decedents' injuries and deaths, inasmuch as the effect of a certain rate of speed upon the stopping distance of the vehicle Bonds was driving involves complicated scientific knowledge which is beyond the knowledge of

---

[6] As noted earlier, the Uniform Crash Report estimated the speed of Bonds's vehicle to be 65 miles per hour. (Uniform Crash Rep. 4.) However, Bonds testified in his deposition that he was traveling between 55 and 60 miles per hour and that he slowed down as he approached the intersection, (Bonds Depo. 6.), and Brett Alexander, the defendants' accident reconstruction expert, opined in his report that Bonds's vehicle was traveling at a rate of between 57 and 62 miles per hour at the time it began to skid. (5/11/07 Alexander Rep. 3.)

9

an average juror.  In support of their contention, the defendants cite the case of Whiddon v. Smith, 822 So. 2d 1060 (Miss. Ct. App. 2002).

"The general rule in Mississippi is that expert testimony is not required where the facts surrounding the alleged negligence are easily comprehensible to a jury."  Wal-Mart Stores, Inc. v. Johnson, 807 So. 2d 382, 388 (Miss. 2001).  While it may very well be true that determinations as to how accidents occur involve "scientific calculations based on the law of physics" and that "an expert can be helpful to the jury in making its determinations as to speeds," Whiddon, 822 So. 2d at 1063, this Court is not prepared to hold that expert testimony is required in this case in order for the jury to conclude that Bonds's alleged failure to reduce his speed as he approached the intersection was the proximate cause of the decedents' injuries and deaths.  The Court is unaware of any Mississippi case which holds that an expert is required in such a situation.  Moreover, in all of the most recent cases in which the failure to slow while approaching or crossing an intersection as required by § 63-3-505 is at issue, no mention was ever made of an expert testifying as to proximate cause – much less one being necessary to prove the same.  Greyhound Lines, Inc. v. Sutton, 765 So. 2d 1269 (Miss. 2000); Youngblood v. Monteith, 340 So. 2d 4 (Miss. 1976); Richardson v. Adams, 223 So. 2d 536 (Miss. 1969); Shaw v. Phillips, 193 So. 2d 717 (Miss. 1967); McCorkle v. United

Gas Pipe Line Co., 175 So. 2d 480 (Miss. 1965); Bush Constr. Co. v. Walters, 164 So. 2d 900 (Miss. 1964); Clark v. Clark, 863 So. 2d 1027 (Miss. Ct. App. 2004).

The Court realizes, of course, that merely because these cases are devoid of any mention of expert testimony as to proximate cause does not necessarily mean that expert testimony as to proximate cause was not given.  Indeed, the Court is of the opinion that expert testimony on this issue would be quite helpful to the jury in this case.  However, the Court is loathe to find that the facts surrounding the defendants' alleged negligence in this case are not easily comprehensible by a jury and that expert testimony is therefore required on the issue of proximate causation — especially absent a Mississippi case so holding in an analogous situation.  Thus, the jury shall make its proximate cause determination from the evidence presented at trial with or without the assistance of an expert.

For these reasons, summary judgment shall not issue for the defendants on the plaintiffs' negligence per se claim.

2. Negligent Entrustment Claim

Smitty's argues that the plaintiffs' negligent entrustment claim should be dismissed because it has already admitted vicarious liability for Bonds's acts or omissions under the theory of respondeat superior. (Defs.' Mem. 11-15.)  The Supreme Court of Mississippi has not squarely addressed the issue of whether a claim

11

for negligent entrustment may be dismissed when an employer has admitted vicarious liability for its employee's negligence (if any). This Court is Erie-bound to predict how the Supreme Court of Mississippi would answer this question. SMI Owen Steel Co. v. Marsh USA, Inc., 520 F.3d 432, 436 (5th Cir. 2008).

First, the Supreme Court of Mississippi has held that it is error for a trial court to admit testimony as to the employee's driving record prior to the subject accident if the employer has admitted the employee was acting within the scope of his employment at the time of the accident. Nehi Bottling Co. of Ellisville v. Jefferson, 84 So. 2d 684, 686 (Miss. 1956). From this holding, it follows that Supreme Court of Mississippi would very likely extend its holding in Nehi to sanction the dismissal of claims for negligent entrustment once an employer has admitted vicarious liability for its employee's acts and omissions under the theory of respondeat superior.

Second, the United States District Court for the Northern District of Mississippi has already ventured an Erie-guess that the Supreme Court of Mississippi would grant summary judgment for an employer who has already admitted vicarious liability under a respondeat superior theory of liability on a plaintiff's claim for negligent entrustment. Cole v. Alton, 567 F. Supp. 1084, 1087 (N.D. Miss. 1983).

Based upon these precedents, this Court concludes that the

12

Supreme Court of Mississippi would approve the dismissal of a claim for negligent entrustment against an employer who has already confessed liability for its employee's conduct under the theory of respondeat superior. Accordingly, the Court finds that Smitty's is entitled to a judgment as a matter of law on the plaintiff's negligent entrustment claim.[7]

3. Punitive Damages Claim

The defendants assert that the plaintiffs have failed to produce any evidence which would indicate that punitive damages are appropriate in this case.

Under Mississippi law,

> (1) In any action in which punitive damages are sought:
>
> > (a) Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

MISS. CODE ANN. § 11-1-65 (Rev. 2002). According to the Supreme

---

[7] Alternatively, the Court would hold that the plaintiffs have wholly failed to meet their burden of producing evidence which would indicate that Smitty's knew or should have known that Bonds would operate the vehicle which Smitty's entrusted to him "in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use. . . ." Tillman ex rel. Migues v. Singletary, 865 So. 2d 350, 354 (Miss. 2003).

Court of Mississippi, "[p]unitive damages are to be assessed only in 'extreme cases,' and since they are intended 'as an example and warning to others, they should be allowed only with caution and within narrow limits.'" Wallace v. Thornton, 672 So. 2d 724, 728 (Miss. 1996) (quoting Beta Beta Chapter of Beta Theta Pi Fraternity v. May, 611 So. 2d 889, 894 (Miss. 1992)).

In the automobile context, the Supreme Court of Mississippi has been extremely reticent to permit punitive damages in cases involving the mere commission of traffic violations. In Mayfield v. Johnson, 202 So. 2d 630 (Miss. 1967), the court held that punitive damages could not be recovered from the driver of a car who was speeding and not keeping a proper lookout. In Aldridge v. Johnson, 318 So. 2d 870 (Miss. 1975), the court overturned the trial court's instruction on punitive damages where the defendant driver had been speeding, approaching an intersection, and attempting to pass two cars when in a double yellow zone while rain was falling. The court held that the defendant had not acted with any willful, gross, or wanton negligence. Id. at 872.

"In determining the propriety of submitting the issue of punitive damages to the jury, the trial court decides whether, under the totality of the circumstances and viewing the defendant's conduct in the aggregate, a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard." Doe ex rel. Doe v. Salvation Army, 835 So. 2d 76, 79 (Miss. 2003).

14

This Court is of the opinion that Bonds's alleged failure to slow down as he approached and crossed the intersection of U.S. Highway 84 and Mississippi State Highway 33 cannot, standing alone, provide a basis for this Court to give a punitive damage instruction to the jury, inasmuch as Bonds's alleged violation clearly pales in comparison to the multiple traffic violations in Mayfield and Aldridge which the Supreme Court of Mississippi found insufficient to warrant punitive damages.[8] Moreover, the plaintiffs have failed to come forward with evidence even slightly (much less clearly and convincingly) indicative of any conduct by Bonds which would amount to actual malice or gross negligence/reckless disregard for others. For these reasons, the Court finds the defendants' Motion on the plaintiffs' claim for punitive damages to be well-taken.

## IV. CONCLUSION & ORDER

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the defendants' Motion for Summary

---

[8] Even if proven to be true, Bonds's alleged traffic violation, when juxtaposed with the facts that Bonds had the right of way on U.S. Highway 84, left skid marks in the road while braking in an attempt to avoid hitting the decedents' vehicle, was not given a traffic citation at the scene or found to be at fault by the investigating officer, and tested negative on a drug and alcohol test administered shortly after the accident, would certainly not permit a reasonable jury to find that Bonds was acting with actual malice or was grossly negligent/acting in reckless disregard for the safety of others.

Judgment [**docket entry no. 106**] is **GRANTED IN PART** and **DENIED IN PART.**

**SO ORDERED,** this the 8th day of May, 2008.

        s/ David Bramlette
      **UNITED STATES DISTRICT JUDGE**